UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Alexander Gomez,

Plaintiff,

vs.

42-02 34th Avenue, LLC and
Caffe Turino Corp.,

Defendants.

**COMPLAINT**

Plaintiff, ALEXANDER GOMEZ (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby files this Complaint and sues Defendants, 42-02 34TH AVENUE, LLC and CAFFE TURINO CORP. (hereinafter, "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter, the "ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG").

**JURISDICTION AND VENUE**

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181, *et seq*., based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located at 42-02 34th Avenue, Long Island City, NY 11101 (aka 42-02 34th Avenue, Astoria, NY 11101) doing business as "CAFFE TORINO" (hereinafter, the "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the Subject Premises are located in the Eastern District.

**PARTIES**

**4.** Plaintiff, ALEXANDER GOMEZ, is over the age of 18, *sui juris*, and a resident of Bronx County, New York. Plaintiff suffers from a spinal cord T-12 injury, uses a wheelchair for mobility, and is a qualified individual under the ADA.

**5.** Defendant, 42-02 34TH AVENUE, LLC, is a domestic limited liability company which is authorized to and does transact business in the State of New York and within this judicial district. Defendant, 42-02 34TH AVENUE, LLC, is the owner of the Subject Premises.

**6.** Defendant, CAFFE TURINO CORP., is a domestic business corporation which is authorized to and does transact business in the State of New York and within this judicial district, and, on information and belief, is the owner/operator of the restaurant "CAFFE TORINO" located at the Subject Premises.

**7.** CAFFE TORINO is an Italian café and restaurant offering a variety of Italian cuisine, including pasta, sandwiches, pastries, coffee, specialty beverages, and other food and beverage items to members of the general public in a casual dining setting. The establishment provides customers with the ability to enter the restaurant, be seated, and purchase meals and beverages in a public accommodation intended for on-site dining. CAFFE TORINO is located at 42-02 34th Avenue in Long Island City, Queens, along a commercial corridor containing numerous restaurants, cafés, neighborhood shops, and other retail and service-oriented businesses. The Plaintiff appreciates the Italian food offerings, coffee selections, and dining experience provided at CAFFE TORINO, as well as the opportunity to patronize the restaurant while dining, shopping, and conducting other business in the surrounding area. However, despite the Plaintiff's interest in patronizing the restaurant, significant accessibility barriers impede the Plaintiff's ability to fully and equally access and enjoy the goods and services offered at the Subject Premises, in violation

of the ADA.

## FACTUAL ALLEGATIONS AND CLAIM

**8.** Most recently on or about September 20, 2026, Plaintiff visited the Subject Premises and personally encountered physical barriers to access, which compelled him to engage with those barriers, resulting in legal harm and injury. Plaintiff continues to suffer harm due to the existence of these barriers and the Defendants' failure to comply with ADA regulations.

**9.** Plaintiff has visited the Subject Premises and intends to return to utilize the goods, services, and accommodations offered to the public. However, he is deterred from returning while the discriminatory barriers and non-compliant policies described herein persist.

**10.** Plaintiff has been denied full and equal access to the Subject Premises, preventing him from enjoying the goods and services offered therein. These denials are caused by the physical barriers, including those outlined in this Complaint, and will continue until the barriers are removed.

**11.** Pursuant to 42 U.S.C. § 12134(a), the Department of Justice, through the Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register on September 15, 2010. These regulations required public accommodations to comply with the updated standards by March 15, 2012.

**12.** Under the "Safe Harbor" provision outlined in 28 CFR § 36.304(d)(2)(i), elements in existing facilities that have not been altered on or after March 15, 2012, and that comply with the technical and scoping specifications of the 1991 Standards are not required to be modified to meet the 2010 Standards. However, the violations described in this Complaint fail to comply with both the 1991 Standards and the 2010 Standards.

**13.** The Subject Premises, as a public accommodation and service establishment, is

required by law to comply with the ADA and ADAAG. However, it remains non-compliant with these standards.

**14.** Plaintiff has suffered harm and injury as a result of personally encountering barriers to access at the Subject Premises, and he will continue to suffer harm due to the Defendants' failure to address the ADA violations described herein.

**15.** Plaintiff has experienced direct and indirect injury as a result of the physical barriers and ADA violations at the Subject Premises and the Defendants' actions or inactions in remedying these violations.

**16.** Most recently on or about September 20, 2026, Plaintiff accessed the Subject Premises but was unable to do so equally due to his disability and the existence of physical barriers, dangerous conditions, and ADA violations that restricted his access to the property and its accommodations.

**17.** Plaintiff intends to return to the Subject Premises in the near future to utilize the goods, services, and accommodations offered. However, his ability to do so is restricted by the ongoing physical barriers and ADA violations that limit access for individuals with disabilities.

**18.** Plaintiff has family members, including cousins, who reside in the Astoria area of Queens, New York. Plaintiff regularly spends time with his cousins and frequently stays at their residence approximately three days per week. During these visits, Plaintiff and his family members regularly spend time together in the surrounding Astoria neighborhood, particularly in areas containing numerous restaurants, bars, lounges, cafés, and other establishments offering dining, entertainment, and recreational opportunities. Plaintiff enjoys spending time in this area because of its variety of establishments and its convenient proximity to his cousins' residence.

**19.** Plaintiff regularly frequents the Astoria area at least twice per week to dine,

socialize, and spend time with family members. CAFFE TORINO is located in the surrounding Astoria area, making it a convenient dining destination during his frequent stays in the neighborhood. Plaintiff appreciates the Italian cuisine, coffee selections, pastries, and casual dining atmosphere provided at CAFFE TORINO and is interested in patronizing the restaurant while spending time with his family and enjoying the surrounding neighborhood.

**20.** On or about September 20, 2026, Plaintiff personally visited and entered the Subject Premises with the intent to access and enjoy the goods and services offered at CAFFE TORINO. During his visit, Plaintiff encountered architectural barriers affecting the accessible parking area and curb ramp that interfered with his ability to safely and independently navigate the property in his wheelchair. These barriers restricted his ability to access the restaurant on equal terms with customers without disabilities and interfered with his ability to fully enjoy the dining experience offered at the Subject Premises.

**21.** Plaintiff remains interested in returning to CAFFE TORINO to dine, socialize, and spend time with his family members. Because Plaintiff regularly stays with his cousins approximately three days per week and frequents the surrounding Astoria area at least twice per week, he has frequent and ongoing opportunities to return to the Subject Premises. Plaintiff intends to return to CAFFE TORINO as soon as the architectural barriers are removed and the restaurant is made accessible to individuals who use wheelchairs. His intent to return is genuine, concrete, and ongoing, particularly given his established pattern of spending time in the surrounding neighborhood.

## COUNT I
## VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT
**(Against All Defendants)**

**22.** Plaintiff restates Paragraphs 1-21 as though fully set forth herein.

**23.** Defendants, 42-02 34TH AVENUE, LLC and CAFFE TURINO CORP., have discriminated against the Plaintiff and others with disabilities by failing to provide full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises, as required by Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*., and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36.

**24.** 42-02 34TH AVENUE, LLC, as the owner of the Subject Premises, is responsible for ensuring that the property complies with the ADA, including removing architectural barriers where readily achievable as required by 42 U.S.C., § 12182(b)(2)(A)(iv).

**25.** CAFFE TURINO CORP., as the owner and/or operator of the business located at the Subject Premises, is responsible for ensuring that its policies, practices, and any barriers within its leased space comply with the ADA.

**26.** Plaintiff personally visited and entered the Subject Premises and encountered architectural barriers that interfered with his ability to independently and equally access the establishment. Under controlling Second Circuit authority, once a plaintiff establishes standing as to at least one barrier affecting the plaintiff's disability, the plaintiff may challenge all other barriers within the premises related to that disability, even if the plaintiff was unable to personally encounter each interior barrier due to the inaccessible conditions at the entrance. *See Kreisler v. Second Ave. Diner Corp*., 731 F.3d 184, 188-89 (2d Cir. 2013); *Hurley v. Tozzer, Ltd.*, No. 15-CV-2785, 2018 WL 1872194, at *4 (S.D.N.Y. Feb. 2, 2018); *Hashimi v. Baklajian*, No. 25-CV-2152 (E.D.N.Y. Mar. 4, 2026). Plaintiff's knowledge of the additional interior accessibility barriers is based upon an inspection of the Subject Premises performed by an ADA accessibility consultant retained on Plaintiff's behalf after Plaintiff encountered and was deterred by the inaccessible entrance conditions. Accordingly, Plaintiff properly alleges the interior ADA violations identified

herein because such barriers impede full and equal access to the goods, services, facilities, privileges, advantages, and accommodations offered at the Subject Premises.

**27.** The Plaintiff's ability to access the Subject Premises and fully benefit from its goods, services, facilities, privileges, advantages, and accommodations is hindered by various physical barriers, unsafe conditions, and ADA violations, including but not limited to the following:

**Entrance and Accessible Routes**

**i. Entrance Has a Step That Prevents Wheelchair Access.**
The entrance has a step that prevents Plaintiff from independently entering and exiting the restaurant while using his wheelchair. The entrance does not provide a compliant ramp or accessible route to overcome the change in level, denying Plaintiff independent access to the restaurant and an accessible means of egress. These conditions violate the 2010 ADA Standards §§ 206.2.1, 206.4, 207.1, 303.4, 402, and 405. Removing the step or providing a compliant accessible ramp and route to the entrance is readily achievable.

**ii. Entrance Door Lacks Required Maneuvering Clearance.**
The entrance door does not provide the required minimum maneuvering clearance, and the floor surface within the required maneuvering area contains a noncompliant change in level. These conditions interfere with Plaintiff's ability to position his wheelchair, independently operate the entrance door, and safely maneuver into and out of the restaurant. These conditions violate the 2010 ADA Standards §§ 404.2.4, 404.2.4.1, and 404.2.4.4. Reconfiguring the entrance and correcting the change in level to provide compliant door maneuvering clearance is readily achievable.
Exterior and Interior Dining Areas

**iii. Dining Areas Lack the Required Number of Accessible Dining Surfaces.**
The exterior and interior dining areas do not provide the required minimum percentage of accessible dining surfaces. The existing table configurations prevent Plaintiff from independently accessing dining surfaces while seated in his wheelchair. These conditions violate the 2010 ADA Standards §§ 226.1 and 902. Providing the required number of compliant accessible dining tables in both dining areas is readily achievable.

**iv. Dining Tables Lack Required Knee and Toe Clearance.**
The dining tables in the exterior and interior dining areas do not provide the required knee and toe clearance beneath the dining surfaces. The insufficient clearance prevents Plaintiff from positioning his wheelchair beneath the tables and independently using the dining surfaces. These conditions violate the 2010 ADA Standards §§ 902.2, 306.2, and 306.3. Modifying or replacing the affected tables to provide compliant knee and toe clearance is readily achievable.

**Self-Service Beverage Area**

**v. Beverage Cooler Shelves Exceed the Maximum Permitted Reach Height.**
The shelves within the self-service beverage cooler are mounted above the maximum permitted accessible reach height. The excessive height prevents Plaintiff from independently reaching and selecting beverages offered for purchase while seated in his wheelchair. This condition violates the 2010 ADA Standards §§ 904.5.1, 308.2, and 308.3. Rearranging the beverages or modifying the cooler shelving to provide compliant accessible reach ranges is readily achievable.

**Restroom**

**vi. Restroom Lacks Required Accessible Signage.**
The restroom does not provide compliant identification signage with the required tactile characters and mounting location. The absence of compliant signage interferes with Plaintiff's ability to independently identify the restroom. This condition violates the 2010 ADA Standards §§ 216.2, 703.1, 703.2, 703.4.1, and 703.4.2. Installing compliant restroom identification signage is readily achievable.

**vii. Restroom Lacks a Compliant Accessible Route and Door Maneuvering Clearance.**
The accessible route to and from the restroom does not provide the required accessibility, and the restroom door lacks the minimum maneuvering clearance necessary for wheelchair users. These conditions interfere with Plaintiff's ability to independently approach, open, and maneuver through the restroom doorway. These conditions violate the 2010 ADA Standards §§ 206, 402, 404.2.4, and 404.2.4.1. Reconfiguring the route and doorway to provide compliant accessibility and maneuvering clearance is readily achievable.

**viii. Restroom Door Lock Exceeds the Maximum Permitted Height.**
The restroom door lock is mounted above the maximum permitted height of 48 inches from the finished floor. The excessive mounting height interferes with Plaintiff's ability to independently reach and operate the lock while seated in his wheelchair. This condition violates the 2010 ADA Standards § 404.2.7. Relocating or replacing the lock at a compliant accessible height is readily achievable.

**ix. Restroom Lacks Required Wheelchair Turning Space.**
The restroom does not provide the required minimum wheelchair turning space. The insufficient space prevents Plaintiff from independently turning and repositioning his wheelchair within the restroom. This condition violates the 2010 ADA Standards §§ 603.2.1 and 304.3. Reconfiguring the restroom to provide compliant wheelchair turning space is readily achievable.

**x. Lavatory Lacks Required Clear Floor Space.**
The lavatory does not provide the required minimum clear floor space of 30 inches by 48 inches for a forward wheelchair approach. The insufficient space interferes with Plaintiff's ability to position his wheelchair at the lavatory and independently use the sink. This condition violates the 2010 ADA Standards §§ 305.3 and 606.2. Reconfiguring the lavatory

and surrounding area to provide compliant clear floor space is readily achievable.

**xi. Lavatory Lacks Required Knee and Toe Clearance.**
The lavatory does not provide the required knee and toe clearance beneath the sink because of the existing cabinet structure. The obstruction prevents Plaintiff from positioning his wheelchair beneath the lavatory and independently using the sink. This condition violates the 2010 ADA Standards §§ 306.2, 306.3, and 606.2. Modifying or replacing the lavatory cabinet to provide compliant knee and toe clearance is readily achievable.

**xii. Restroom Mirror Exceeds the Maximum Permitted Height.**
The restroom mirror is mounted above the maximum permitted accessible height, with the bottom edge of the reflecting surface exceeding 40 inches above the finished floor. The excessive height interferes with Plaintiff's ability to independently use the mirror while seated in his wheelchair. This condition violates the 2010 ADA Standards § 603.3. Lowering or replacing the mirror to provide a compliant accessible height is readily achievable.

**xiii. Accessible Route to the Water Closet Lacks Required Clear Width.**
The travel path leading to the water closet does not provide the required minimum clear width of 36 inches. The insufficient clearance interferes with Plaintiff's ability to maneuver his wheelchair toward the water closet and position himself for a transfer. This condition violates the 2010 ADA Standards §§ 402 and 403.5.1. Reconfiguring the affected area to provide compliant accessible route clearance is readily achievable.

**xiv. Water Closet Lacks Required Clear Floor Space.**
The water closet does not provide the required minimum clearance of 60 inches measured perpendicular from the side wall and 56 inches measured perpendicular from the rear wall. The insufficient clearance interferes with Plaintiff's ability to position his wheelchair alongside the water closet and safely transfer between his wheelchair and the water closet. This condition violates the 2010 ADA Standards §§ 604.3 and 604.3.1. Reconfiguring the restroom to provide compliant water closet clearance is readily achievable.

**xv. Water Closet Lacks Required Grab Bars.**
The water closet does not provide the required rear wall and side wall grab bars. The absence of these grab bars deprives Plaintiff of the support and stability necessary to safely transfer between his wheelchair and the water closet. These conditions violate the 2010 ADA Standards §§ 604.5, 604.5.1, and 604.5.2. Installing compliant rear wall and side wall grab bars is readily achievable.

**28.** Plaintiff has accessed the Subject Premises but has been denied full and equal enjoyment of the goods, services, programs, and activities offered due to his disability. The physical barriers, dangerous conditions, and ADA violations described above have caused Plaintiff to suffer harm, and Plaintiff reasonably expects to face continued discrimination unless and until

Defendants are compelled to remove these barriers and comply with the ADA.

**29.** Plaintiff regularly frequents the Astoria area of Queens, New York, where his cousins reside, and stays at their residence approximately three days per week. Plaintiff visits the surrounding neighborhood at least twice per week for dining, shopping, recreation, and socializing with family members. The Subject Premises is located within the surrounding Astoria area and is conveniently situated near establishments Plaintiff routinely frequents. Plaintiff intends to return to the Subject Premises as soon as the architectural barriers identified herein are remediated and he can independently access and enjoy the goods and services offered therein.

**30.** The removal of the physical barriers, dangerous conditions, and ADA violations described herein is readily achievable and can be accomplished without significant difficulty or expense, as defined by 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R. § 36.304.

**31.** Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff reasonably anticipates continued harm unless Defendants are required to remove the physical barriers, dangerous conditions, and ADA violations at the Subject Premises.

## RELIEF SOUGHT

**32.** Plaintiff seeks an injunction requiring Defendants to bring the Subject Premises into full compliance with the ADA and ADAAG by remediating all violations.

**33.** Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**34.** Plaintiff has been obligated to retain undersigned counsel for the filing and

prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**WHEREFORE**, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs, and litigation expenses incurred in this action.

Respectfully submitted,

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By: /s/ Maria-Costanza Barducci
Maria-Costanza Barducci, Esq.
*Attorney for Plaintiff*
Bar No. 5070487
MC@BarducciLaw.com